FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THERESA G.,<br><br>   Plaintiff,<br><br> -vs-<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>   Defendant. | No. 2:23-CV-00091-WFN<br><br>ORDER |

  Theresa G. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying disability benefits. ECF No. 1. Attorney Chad Hatfield represents Plaintiff. Special Assistant United States Attorney Michael J. Mullen represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

  Plaintiff applied for Child's Insurance Benefits on February 11, 2020, alleging disability beginning on March 31, 2010. Tr. 217–18. The application was denied initially, Tr. 64–69, and on reconsideration, Tr. 71–78. Administrative Law Judge [ALJ] Marie Palachuk held a hearing on February 16, 2022, Tr. 46–62, and issued an unfavorable decision on March 2, 2022, Tr. 15–24. The Appeals Council denied review on February 3, 2023. Tr. 1–6. The ALJ's March 2022 decision is the Commissioner's final decision, 20 C.F.R.

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

§ 416.1484, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 5, 2023. ECF No. 1.[2]

## FACTS

Plaintiff was born in 1992, was 17 years of age as of the alleged onset date, Tr. 217, completed high school and some college, and has no work history, Tr. 339. Plaintiff alleges disability based on obsessive compulsive disorder [OCD], depression, sensory processing disorder, anxiety, and chronic fatigue. Tr. 51.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set

---

[2] Plaintiff applied for Supplemental Security Income on January 17, 2020. Tr. 15. That application was approved on initial review with an onset date of January 17, 2020. Tr. 15, 80–89.

ORDER - 2

aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). To qualify for Child's Insurance Benefits, the claimant must show they became disabled before attaining age 22. 20 C.F.R. § 404.350(a)(5). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 2, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15–24.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following medically determinable impairments prior to attaining age 22: "depression; anxiety; personality disorder; insomnia; dysfunctional uterine bleeding; episodic tension headaches; otitis externa; [and] onychomycosis of the right first toenail." Tr. 18. However, the ALJ found Plaintiff's impairments would not significantly limit Plaintiff's ability to perform basic work activities. *Id.* Therefore, the ALJ found Plaintiff "did not have a severe impairment or combination of impairments." *Id.*

ORDER - 3

The ALJ thus concluded at step two that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured. Tr. 24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff had no severe impairments at step two without further developing the record, (2) rejecting lay testimony, and (3) rejecting Plaintiff's symptom testimony for reasons that are not clear and convincing.

## DISCUSSION

**(1) Step Two**

At step two, the ALJ determined Plaintiff's impairments were nonsevere as of the date last insured because they did not significantly limit Plaintiff's ability to perform basic work-related activities. Tr. 18.

Plaintiff argues the ALJ erred by determining Plaintiff's impairments were nonsevere without calling a medical expert. ECF No. 9 at 10–11. As noted above, Plaintiff also applied for supplemental security income and was found disabled as of January 17, 2020. Tr. 15, 80–89. Citing *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017), Plaintiff argues these circumstances required the ALJ to call a medical expert to opine on Plaintiff's onset date. ECF No. 9 at 10–11.

In response, Defendant says Plaintiff waived this argument by not raising it, or otherwise objecting to the completeness of the record, before the ALJ. ECF No. 13 at 10. Defendant quotes from *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999): "'[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.'" ECF No. 13 at 10. Defendant also contends that *Diedrich* is distinct because the claimant in that case raised the issue before the ALJ. ECF No. 13 at 11.

ORDER - 4

In reply, Plaintiff asserts that ALJs have a duty to develop the record in social security cases but does not meaningfully rebut Defendant's waiver argument. *See* ECF No. 14 at 4. True, ALJs have a duty to develop the record, even if the claimant is represented by counsel. *See DeLorne v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). But that is not inconsistent with the rule that claimants cannot raise an issue on appeal if they did not raise it before the ALJ. Plaintiff does not attempt to distinguish *Meanel*, ECF No. 14 at 4, which was also a social security case, *see Meanel*, 172 F.3d at 1115. Plaintiff waived the argument that the ALJ erred by failing to obtain medical testimony on Plaintiff's onset date because Plaintiff did not object before the ALJ. *See id.*

Plaintiff also argues the ALJ erred because the record shows Plaintiff's symptoms were severe. ECF No. 9 at 7–10. However, based on the evidence, a reasonable person could agree with the ALJ's findings. Even if Plaintiff's interpretation is also reasonable, the Court must affirm the ALJ's conclusion because it is supported by substantial evidence. *See Morgan*, 169 F.3d at 599.

**(2) Lay Testimony**

Plaintiff claims the ALJ erred by improperly rejecting lay witness testimony. ECF No. 9 at 11–16.

Plaintiff's mother provided a letter describing Plaintiff's social, emotional, and mental difficulties from childhood through the present. Tr. 334–40. So did Plaintiff's sister, Tr. 360-65, and a family friend, Tr. 366–67. Another family friend wrote a letter about a specific incident in 2010 where Plaintiff had a strong negative reaction to dropping the stuffed animal Plaintiff carried for comfort. Tr. 368–69. A friend of Plaintiff's sister also wrote briefly about his minimal observations of Plaintiff. Tr. 370–71. One of Plaintiff's high school teachers provided a letter saying Plaintiff "struggled with some everyday tasks at school such as sitting at a table if not clean or changing into P.E. clothes. There were some periodic tics and obsessions during class which made it difficult for her to focus." Tr. 315.

The ALJ considered these lay witness statements but found they were not helpful because they were vague and nonspecific and were all made years after the period at issue.

ORDER - 5

Tr. 23. Although Plaintiff's sister's statements were relatively more specific, the ALJ found they were inconsistent with the medical evidence during the period at issue because the medical evidence showed Plaintiff's symptoms were stable with medication. *Id.*

Plaintiff argues it was not enough "for the ALJ to simply state that the treatment record does not support the written statements." ECF No. 9 at 15. But the ALJ did not simply state that the treatment record does not support the written statements. Tr. 23. The ALJ addressed many of the several statements specifically. Regarding the family friend's statement about the dropped stuffed animal, the ALJ wrote that "observations of that one-time incident are not useful in assessing the claimant's functioning over a [twelve]-month period." *Id.* Plaintiff's sister's friend described Plaintiff's sister's concerns "over the years" but did not specifically address Plaintiff's symptoms during the period at issue. *Id.* Plaintiff's mother "provided a summary of [Plaintiff's] mental health difficulties since childhood but did not describe [Plaintiff's] functioning during the period at issue with adequate specificity to assess [Plaintiff's] limitations." *Id.* The only lay statement the ALJ compared to the record was the statement from Plaintiff's sister. *See id.* And the ALJ did not simply state that Plaintiff's sister's statements were unsupported by the record. *See id.* The ALJ found that Plaintiff's sister's statements were *inconsistent* with evidence in the record showing Plaintiff was stable with medication. *Id.*

Plaintiff argues Plaintiff's sister's statements are not actually inconsistent with the record. ECF No. 9 at 16. According to Plaintiff, the ALJ wrongly interpreted treatment notes stating that Plaintiff's symptoms were generally stable with medication. *Id* Plaintiff says these notes mean only that Plaintiff's symptoms were not fluctuating, not that Plaintiff's symptoms were well managed or nonsevere. *Id.* But it is clear from the record that the ALJ interpreted the notes to mean Plaintiff's symptoms were well managed and nonsevere. Indeed, the ALJ specifically wrote that treatment notes "indicate that throughout the period the claimant's mental symptoms were overall well managed and stable." Tr. 20. Because the ALJ's interpretation of the record is reasonable, the Court cannot disturb it. *See Morgan*, 169 F.3d at 599.

ORDER - 6

Similarly, Plaintiff argues the ALJ erred in finding the lay witness statements were vague and nonspecific because the statements from lay witnesses "were very specific and included detailed first-hand explanations regarding [Plaitniff's] moods, obsessional fears, behaviors, and functional limitations between the ages of [eighteen] and [twenty-two]." ECF No. 9. Although the reports provided some detail, it was still reasonable for the ALJ to conclude the statements were vague as to Plaintiff's functioning during the period at issue. Because the ALJ's reasoning is supported by substantial evidence, the Court must affirm. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

**(3) Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her subjective symptom testimony. ECF No. 9 at 16–20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified to being unable to work because of obsessive compulsive disorder, depression, trauma, sensory processing disorder, anxiety, and fatigue. Tr. 51. According to the claim, these impairments would have prevented Plaintiff from behaving appropriately in a work setting. Tr. 51–55.

ORDER - 7

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 19. Specifically, the ALJ found Plaintiff sought and obtained only minimal treatment during the relevant time period and that Plaintiff's symptoms were stable and well managed with that conservative course of treatment. Tr. 19–20. The ALJ also found Plaintiff's claims lacked support in the medical record. Tr. 20. Finally, the ALJ found Plaintiff's claims were inconsistent with Plaintiff's activities: Plaintiff graduated early from high school, did well in college, lived alone in Japan, and continued to live alone after returning to the United States. Tr. 22. These were permissible reasons for rejecting Plaintiff's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff argues the ALJ erred because Plaintiff' claims are not actually inconsistent with the record, Plaintiff's did not experience sustained improvement with treatment, and Plaintiff's activities were not inconsistent with disability. *See* ECF No. 9 at 19–20. Plaintiff cites evidence in the record to support these arguments. *See id.* at 8–9, 19–20. However, based on the evidence, a reasonable person could agree with the ALJ's findings. Even if Plaintiff's interpretation is also reasonable, the Court must affirm the ALJ's conclusion because it is supported by substantial evidence. *See Morgan*, 169 F.3d at 599.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed July 19, 2023, **ECF No. 9**, is **DENIED.**
2. Defendant's Brief, filed September 15, 2023, **ECF No. 13**, is **GRANTED**.

ORDER - 8

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

**DATED** this 9th day of February, 2024.

01-23-24

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9